UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

DKB (XXX-XX-5858)                                   CIVIL ACTION NO. 09-cv-0257

VERSUS

U.S. COMMISSIONER SOCIAL                            MAGISTRATE JUDGE HORNSBY
SECURITY ADMINISTRATION

**MEMORANDUM RULING**

**Introduction**

DKB ("Plaintiff") filed an application for benefits based on systemic lupus erythematosus (SLE or lupus), hypertension, and hearing loss. Plaintiff was born in 1958 and has an eleventh grade education. She reported that she worked as a manager/cashier at a liquor store from 1981 until 2004. An ALJ denied Plaintiff's claim, but the Appeals Council remanded the matter for a new hearing. The ALJ again denied the claim, and the Appeals Council once again remanded for a new hearing that it directed be held before a different ALJ. The third hearing was held by ALJ Osly F. Deramus, and he denied the claim based on a step four finding that Plaintiff could perform the demands of her past relevant work.

The Appeals Council denied a request for review. Plaintiff filed this civil action seeking judicial review pursuant to 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c) and the standing order of the district court governing social security cases, the action was referred to the undersigned for decision and entry of judgment. For the reasons that follow, the Commissioner's decision to deny benefits will be affirmed.

**Standard of Review; Substantial Evidence**

This court's standard of review is (1) whether substantial evidence of record supports the ALJ's determination, and (2) whether the decision comports with relevant legal standards. Villa v. Sullivan, 895 F.2d 1019, 1021 (5th Cir. 1990). "Substantial evidence is more than a scintilla and less than a preponderance. It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991). A finding of no substantial evidence is justified only if there are no credible evidentiary choices or medical findings which support the ALJ's determination. Johnson v. Bowen, 864 F.2d 340, 343-44 (5th Cir. 1988).

**Listing 14.02**

The Appeals Council's most recent decision remanded for the consideration of medical evidence submitted after the hearing, including records from a treating physician. The Appeals Council instructed the ALJ to evaluate this new evidence, enter into the record a letter that counsel for Plaintiff had written regarding the appeal, and address counsel's arguments. Tr. 114-115. Among the arguments made by counsel in the letter was a contention that Plaintiff meets or equals Listing 14.02, SLE. Tr. 112.

On remand, the ALJ conducted the five-step sequential analysis. He found that Plaintiff was not engaged in substantial gainful activity (step one) and suffered from severe impairments (step two) of SLE, hypertension, and sensorineural hearing loss. He then turned to the argument that Plaintiff met Listing 14.02.

The listings found in the regulations describe levels of impairment related to each of the major body systems. The Commissioner has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard. The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing *any* gainful activity, not just "substantial gainful activity." Sullivan v. Zebley, 110 S.Ct. 885, 891 (1990); 20 C.F.R. § 404.1525 and § 416.925. Thus, a finding that a claimant's impairment satisfies a listing compels a finding of disabled without any further analysis.

Listings criteria are "demanding and stringent." Falco v. Shalala, 27 F.3d 160, 162 (5th Cir.1994). A mere diagnosis of a condition will not suffice. The claimant "must have a medically determinable impairment(s) that satisfies all of the criteria in the listing." § 404.1525(d); § 416.925(d). The burden of proof rests with a claimant to provide and identify medical signs and laboratory findings that support all criteria for a step three listing determination. Sullivan,110 S.Ct. at 891("For a claimant to show that his impairment matches a listing, it must meet all of the specified medical criteria").

If an impairment does not *meet* a listing, it may also entitle the claimant to a finding that he is disabled if his impairment or combination of impairments is *medically equivalent* in severity to the listing. § 404.1526 and § 416.926. If the claimant argues for medical equivalency, the standard is similarly demanding. And the claimant may not establish listings-level severity through subjective testimony. Sullivan, 110 S.Ct. at 891-92. Rather,

the claimant must point to medical findings that support each of the criteria for the equivalent impairment determination. Selders v. Sullivan, 914 F.2d 614, 619 (5th Cir.1990).

Listing 14.00(B)(1) sets forth general characteristics of lupus and methods of diagnosis. Listing 14.02 first requires that lupus be documented as described in Listing 14.00(B)(1). Subsection A provides that a person is disabled if the lupus is so documented and the claimant has one of a list of conditions (e.g., joint involvement, muscle involvement, ocular involvement, digestive involvement, mental involvement) as described under various other listing provisions. Plaintiff does not argue that she satisfies Subsection A.

Subsection B provides for disability if there is a documentation of lupus and "lesser involvement of two or more organs/body systems listed in paragraph A with significant, documented, constitutional symptoms and signs of severe fatigue, fever, malaise, and weight loss." The listing adds that at least one of the organs/body systems "must be involved to at least a moderate level of severity."

Plaintiff argues that three of her organs or body systems are involved to a moderate degree of severity: joints, muscles, and cardiovascular. She adds that she has fatigue and weight loss.

Plaintiff does not point to specific medical signs and laboratory findings to support her rather general listings argument. Rather, she faults the ALJ for not discussing the listing elements with a greater degree of specificity. The ALJ first mentioned the listing argument immediately after his step two finding (Tr. 20), and he spent the next five pages of his

decision exploring Plaintiff's medical history, most of which related to the lupus/listing issues. He noted that Plaintiff had been treated by a family practitioner, Dr. Haynes, for several years. Dr. Haynes consistently found that Plaintiff had tenderness in her large musculoskeletal groups, but he never reported significantly decreased ranges of motion, ambulation difficulties, or any motor, sensory or cerebellar deficits. Dr. Haynes never reported major dysfunction of Plaintiff's hands, wrists, or fingers that would leave her unable to perform fine and gross movements effectively. The ALJ also pointed to evidence that Plaintiff had lifted her granddaughter for significant periods of time and been involved in moving from one house to another, which were activities the ALJ found did not equate to total disability. The ALJ also noted the opinion of medical expert Dr. Laing, who reviewed the medical records and opined that Plaintiff did not meet a listing. See Tr. 315-28. After conducting that review, the ALJ found that Plaintiff did not meet the requirements of Listing 14.02, which he then described generally. Tr. 25.

The ALJ may not have taken each individual aspect of the listing and compared it to the record during the course of his written opinion, but his written decision addresses all of the relevant medical evidence, notes the absence of several key limitations, and concludes that the listing was not met. The court is satisfied that the ALJ's decision provides adequate information to explain its basis and permit meaningful judicial review. The court further finds that there is substantial evidence to support the ALJ's decision that Plaintiff did not meet her burden at step three.

**Past Relevant Work**

Plaintiff completed a work history report in which she identified her most recent job as manager/cashier at a liquor store. She described the job as: "I waited on customers, worked the drive-through liquor window, load coke boxes, stocked shelves." Plaintiff stated, in describing the physical demands of the job, "I had to lift coke boxes, cases of beer." She said the heaviest weight she lifted was 45 pounds, and that she frequently lifted 25 pounds. Tr. 153-54.

Vocational Expert ("VE") Charles Smith was present at the hearing and asked some questions about the job as well as landscaping and diner jobs that Plaintiff also had in the past. The VE asked Plaintiff if her job at the liquor store included tasks such as reconciling receipts, making bank deposits, keeping records, training employees, and other managerial tasks. Tr. 381-82. No questions were asked Plaintiff about the physical demands of the job by the VE, the ALJ, or counsel.

The VE later testified that the landscaping and diner jobs were medium work, but the retail manager job was light work. The ALJ asked the VE to assume a claimant with Plaintiff's vocational factors and the RFC to perform light work, with certain additional limitations. The VE testified that the person could perform the retail manager type of position. Tr. 397-98. The ALJ found in his written decision that Plaintiff was capable of performing her past relevant work as a retail manager. He wrote: "This opinion was based

on the impartial Vocational Expert, who testified that according to the Dictionary of Occupational Titles, (DOT), she was capable of performing that job." Tr. 26.

Plaintiff argues that her job was a "composite job" that combined elements of retail manager, cashier, and stocker, with the stocker part of her job being medium in exertion and precluded by her RFC.

The determination at step four may rest on descriptions of past work as actually performed or as generally performed in the national economy. For example, the ALJ may take notice of job data in the Dictionary of Occupational Titles (DOT) which reflects the requirements of various jobs as performed in the national economy. Villa v. Sullivan, 895 F.2d 1019, 1022 (5th Cir. 1990); Social Security Ruling 82-61.

Ruling 82-61 explains that DOT descriptions can be relied upon to define a job as it is usually performed in the national economy. It is understood that some jobs may require somewhat more or less exertion than the DOT description. A former job performed by the claimant may have involved functional demands and job duties significantly in excess of those generally required for the job by other employers. The Ruling provides that if the claimant cannot perform the excessive functional demands actually required in the former job but can perform the functional demands and duties as generally required, the claimant should be found to be not disabled.

That provision of the Ruling appears to be applicable here. Plaintiff is capable of performing of the demands of retail manager, as the VE found the DOT described how the

job is usually performed. There is evidence in the record that Plaintiff's actual job involves some lifting demands in excess of those generally required, but the record firmly supports the conclusion that Plaintiff could perform all demands generally required by the job.

The record indicates that Plaintiff worked as a retail manager and that her actual job had some lifting requirements outside what is ordinarily performed by a retail manager, but the record does not strongly suggest that hers was a composite job with no counterpart in the vast provisions of the DOT. The burden is on Plaintiff at step four, and she has not demonstrated that the ALJ ran afoul of Ruling 82-61 and the related regulations. Furthermore, the record supports the finding that Plaintiff can perform the demands of retail manager as defined in the DOT, so all that would be required to resolve her claim at step five is testimony from the VE that such jobs exist in significant numbers in the relevant economy. That is almost certainly the case. For these reasons, a judgment will be entered affirming the Commissioner's decision to deny benefits.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 8th day of February, 2010.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE